UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINTAURUS JOHNSON,

Plaintiff,

v. Case No.: 8: 24-cv-02195-WFJ-NHA

FLORIDA DEPAREMENT OF
JUVENILE JUSTICE, et al,

Defendants.
___________________________________/

## ORDER

Plaintiff Quintaurus Johnson, proceeding in this action without a lawyer, sues his employer, the Florida Department of Juvenile Justice (DJJ), along with its employees Andrew Correa, Matthew Clark, Rose Ardito, Paul Sheffer, and Sean Skillern. Am. Compl. (Doc. 36). Plaintiff filed motions to compel responses to his interrogatories (Doc. 45), requests for production (Doc. 64), and requests for admission (Doc. 74). I held a hearing on the motions on June 26, 2025. Docs. 63, 65. For the reasons stated at the hearing, I ORDER as follows:

1. Plaintiff's Motion to Compel Defendants' Responses to Interrogatories (Doc. 45) is granted in part, and denied in part:

    a. The motion is GRANTED to the extent that:

i. On or before July 25, 2025, Defendant Ardito must serve amended, verified answers to Interrogatories 1, 10–13, 16, 17, 20, 23, and 24.

ii. Defendant DJJ's objections to Interrogatories 6, 9, 13, and 14 are OVERRULED, and Defendant DJJ must serve amended, verified answers to Interrogatories 6, 9, 13, and 14[1]—along with a privilege log referencing any material withheld from *any* interrogatory response based on privilege—on or before July 25, 2025.

iii. On or before June 27, 2025, Defendant shall send to Plaintiff the memo DJJ references in its response to Interrogatory 10.

b. The motion is DENIED AS MOOT to the extent it seeks Defendant Correa's and Defendant Clark's verified interrogatory answers, which have now been verified and served.

c. The motion is otherwise DENIED.

2. Plaintiff's Motion to Compel Defendant DJJ's Responses to Requests for Production (Doc. 64) is granted in part, and denied in part:

a. The motion is GRANTED to the extent that:

[1] Defendant DJJ should construe Interrogatory 14 as a request to "identify" rather than "produce" certain documents.

i. Defendant DJJ's objections to Requests for Production 8, 9, 19, 21, 22, 24, 29–33 are OVERRULED. As agreed by the parties, to the extent Plaintiff failed to specify a time frame within each of these Requests for Production, the temporal scope of the request shall be 2022 through 2025. Defendant DJJ shall amend its answers to the requests for production and produce the requested documents and a privilege log, if necessary, on or before July 25, 2025.

ii. Defendant DJJ shall clarify its answer to Request for Production 13 by stating whether any responsive documents exist.

iii. Plaintiff and Defendant DJJ must confer as to what documents Plaintiff requires in the "forms in which [they are] ordinarily maintained or in a reasonably usable form or forms." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii). Defendant DJJ shall re-produce in such format any documents for which Plaintiff requires it.

b. The motion is DENIED AS MOOT to the extent it seeks to compel documents in response to Requests for Production 3 and 7.

c. The motion is otherwise DENIED.

3. Plaintiff's Motion to Overrule Defendants' Objections to Requests for Admission (Doc. 74) is granted in part, and denied in part:
   a. The motion is GRANTED to the extent the Court orders each Defendant to respond, on or before July 25, 2025, to Plaintiff's Requests for Admission, as served on May 24, 2025.
   b. The motion is otherwise DENIED.

DONE on June 30, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge