UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINTAURUS JOHNSON,

Plaintiff,

v. Case No.: 8:24-cv-02195-WFJ-NHA

FLORIDA DEPARTMENT OF JUVENILE JUSTICE, et al,

Defendants.
_______________________________________/

**ORDER**

Plaintiff Quintaurus Johnson, proceeding in this action without a lawyer, sues his employer, the Florida Department of Juvenile Justice (DJJ), along with its employees Andrew Correa, Matthew Clark, Rose Ardito, Paul Sheffer, and Sean Skillern. Am. Compl. (Doc. 36). Plaintiff has repeatedly moved to compel discovery and for sanctions (e.g., Docs. 64, 74, 85), and I have entered orders compelling Defendants to respond to certain discovery requests (e.g., Doc. 79, 91).

In his latest motion (Doc. 99), Plaintiff asks the Court to sanction Defendants for failing to comply with the most recent order compelling discovery (Doc. 91). Specifically, Plaintiff complains that Defendants (1) failed to produce documents in a useable format with metadata, (2) failed to produce

all documents responsive to Plaintiff's request for production 24, and (3) produced a deficient privilege log. Doc. 99.

Defendant denies Plaintiff's accusations and further proffers that Plaintiff failed to specifically confer with Defendants on each of these issues. Doc. 102. In light of the latter representation, the Court's repeated reminders that the parties must confer, and the failure of Plaintiff's 3.01(g) certificate to comply with the rule (which requires that the moving party explain the means by which the conference occurred), I DENY WITHOUT PREJUDICE Plaintiff's motion (Doc. 99).

Should Plaintiff renew his motion, he should include in his 3.01(g) statement (1) the means through which the conferral occurred, (2) when the conferral occurred, (3) the specific subjects on which the parties conferred.

Additionally, for the benefit of the parties in their conferrals, I offer the Court's thoughts on the motion at this time:

1. Based on the information before the Court, Defendant's production of .pst files does not appear to comport with the Court's prior order (Doc. 79) and Federal Rule of Civil Procedure 34(b)(2)(E)(ii), as the .pst files appear to be exported from Microsoft Purview (Doc. 96) and not in the form requested by Plaintiff nor in the "form[] in which [they are] ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).

2. Should Plaintiff believe there is additional information that Defendant DJJ is withholding, or there are additional repositories of records that Defendant should search in response to RFP 24, Plaintiff must identify those documents or repositories with specificity in his motion.

3. The Court ordered that Defendants' privilege log state "who authored each withheld document, who received the document, the date the document was authored or sent, and why the communication is being withheld as privileged." Doc. 91. The privilege log (Doc. 96-1) does not clearly list the author(s) as distinguished from the recipient(s) and fails to explain why memos on discipline of Mr. Cornuet and Mr. Correa would be privileged.

DONE on September 3, 2025.

Natalie Hirt Adams

NATALIE HIRT ADAMS
United States Magistrate Judge