UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUINTAURUS JOHNSON,

Plaintiff,

v. Case No.: 8:24-cv-02195-WFJ-NHA

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE, et al,

Defendants.
_________________________________/

**ORDER**

Plaintiff's motion for sanctions (Doc. 117) is granted in part. I find that Defendant DJJ has failed to comply with the Court's prior order (Doc. 91) directing it to provide certain metadata to Plaintiff. Defendant must produce the metadata on or before October 15, 2025. Additionally, the parties must confer on or before October 8, 2025, as to an appropriate sanction and submit a notice to the Court memorializing whether an agreement was reached and, if so, specifying the agreed sanction. If no agreement is reached, the parties shall submit briefs as to the sanction each proposes on or before October 15, 2025.

## I. Background

Plaintiff Quintaurus Johnson, proceeding in this action without a lawyer, sues his employer, the Florida Department of Juvenile Justice (DJJ),

along with its employees Andrew Correa, Matthew Clark, Rose Ardito, Paul Sheffer, and Sean Skillern. Am. Compl. (Doc. 36). Plaintiff has repeatedly moved to compel discovery and for sanctions (e.g., Docs. 64, 74, 83, 85), and I have entered orders granting Plaintiff's motions and compelling Defendants to appropriately respond to certain discovery requests (e.g., Doc. 79, 91). For example, on June 30, 2025, after learning Defendant DJJ had produced e-mails in PDF format in violation of the Rules of Procedure, I ordered, "Plaintiff and Defendant DJJ must confer as to what documents Plaintiff requires in the "forms in which [they are] ordinarily maintained or in a reasonably usable form or forms." *See* Fed. R. Civ. P. 34(b)(2)(E)(ii). Defendant DJJ shall re-produce in such format any documents for which Plaintiff requires it." Doc. 79 p. 3. I also ordered Defendant DJJ to provide Plaintiff with a privilege log – something it had failed to do previously – and overruled its objections to certain discovery requests. *Id.*

But Defendant DJJ failed to fully comply with my order and, one month later, Plaintiff asked me to enforce the order, complaining Defendant DJJ had failed to produce documents with metadata, failed to fully respond to the discovery requests I had compelled, and failed to produce a privilege log with enough information for Plaintiff to understand which documents were being withheld, and why. Doc. 83. I largely agreed with Plaintiff that Defendant DJJ had not complied my prior Order, and on August 15, 2025, I granted in part

Plaintiff's motion (Doc. 83) to enforce the Court's prior order (Doc. 79), to the extent that I required that the Defendant (1) confer with Plaintiff as to what metadata Plaintiff required relating to the documents produced in response to request for production 22 and to provide that metadata to Plaintiff (since Defendant had previously stripped the metadata by converting its records to PDF format), (2) re-collect and produce records responsive to request for production 24 and describe to Plaintiff, with specificity, what search terms it used and which custodians and document repositories (e.g., outlook servers, messaging files, drives, and computers) it searched (as it was unclear whether Defendant DJJ had fully complied with its obligation to produce all documents responsive to this request), (3) create a new privilege log specifying who authored each withheld document, who received the document, the date the document was authored or sent, and why the communication is being withheld as privileged (as the privilege log provided by Defendant DJJ lacked information necessary to determine whether the underlying document was privileged). Doc. 91.

Shortly after Defendant DJJ's deadline to comply with the latest Order, Plaintiff filed a motion for sanctions, arguing that Defendant DJJ *still* had not complied because it had (1) failed to appropriately produce metadata, (2) failed to produce all documents responsive to Plaintiff's request for production 24, and (3) produced a deficient privilege log. Doc. 99. I denied that motion without

prejudice, finding that Plaintiff failed to meaningfully confer with Defendant DJJ about the relief sought, in violation of Local Rule 3.01(g). Doc. 103. In the Order, I nonetheless offered thoughts on the motion, including that (1) it appeared Defendant DJJ had failed to comply with the Court's order in producing .pst files (rather than the native .msg files directly from Outlook), (2) if Plaintiff thought Defendant DJJ was withholding certain documents in response to request for production 24, he needed to identify which documents, and (3) Defendant DJJ's privilege log remained deficient in that it failed to distinguish between authors and recipients and it failed to explain why certain personnel-related documents had been withheld as privileged. Doc. 103 pp. 2–3.

Following the Court's denial without prejudice of the sanctions motion, Defendant DJJ produced .msg files to replace the .pst files (Doc. 117 p. 4) and amended its privilege log. Doc. 120-2.

Plaintiff now renews his motion for sanctions (Doc. 117), arguing that (1) the .msg files produced by Defendant DJJ lack necessary metadata (perhaps because they were created from a .pst file in Microsoft Purview rather than pulled directly from the Outlook server), (2) Defendant DJJ failed to produce a 2022 report from the Central Communications Center (CCC) Incident Tracking and Report System in response to request for production 24,

and (3) the privilege log remains inadequate to comply with the Court's prior order. Doc. 117.

In response, Defendant explains that (1) .msg files have now been produced to Plaintiff, (2) in response to request for production 24, Defendant DJJ searched all reports from the CCC Incident Tracking and Report System from January 2018 through the present, and produced all responsive reports, including one from 2022, and (3) its privilege log has been further amended to comport with the Court's order. Doc. 120.

## II. Legal Authority

Under Rule 37, the court may impose sanctions when a party fails to obey a court's discovery order or to provide and permit discovery. FED. R. CIV. P. 37(b)(2)(A). Potential sanctions include, but are not limited to, "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." FED. R. CIV. P. 37(b)(2)(A).

The Court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). That discretion, however, is not unbridled. The extent of the sanctions must be "reasonable in light of the circumstances." *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (noting that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or to compensate the court or the parties for the added expense caused by the abusive conduct) (citations omitted).

**III. Analysis**

Before I can impose sanctions, I must find that Defendant DJJ violated a Court order. FED. R. CIV. P. 37(b)(2)(A). Here, the Court's prior Order directed Defendant DJJ to (1) confer with Plaintiff as to what metadata Plaintiff needed for the documents produced in response to request for production 22 and provide that metadata to Plaintiff, (2) re-collect and produce records responsive to request for production 24 and describe to Plaintiff, with specificity, what search terms it used and which custodians and document repositories (e.g., outlook servers, messaging files, drives, and computers) it searched, (3) create a new privilege log specifying who authored each withheld document, who received the document, the date the document was authored or sent, and why the communication is being withheld as privileged. Doc. 91.

The record reflects that Defendant has produced records responsive to request for production 24, including the 2022 CCC report that Plaintiff demands (Doc. 120 p. 3), and has produced a privilege log that specifies who authored each withheld document, who received the document, the date the document was authored or sent, and why the communication is being withheld as privileged (Doc. 120-1).

But Plaintiff establishes that Defendant DJJ has failed to provide native .msg files with metadata to Plaintiff as to certain documents. Plaintiff was able to compare the newly produced .msg files (the files that were previously produced as .pst) with previously produced .msg files and determine that the new filed .msg files – likely due to their prior status as .pst files and the fact that they were not pulled directly from Outlook in their native format – do not contain metadata. Doc. 117 pp. 5–6. Defendant DJJ appears to concede in its emails with Plaintiff that these newly produced .msg files did not come directly from the e-mail servers and, therefore, may not contain metadata. Doc. 117-1. Defendant must rectify the issue and produce native .msg files that contain the metadata. Defendant's failure to do so violated this Court's prior order. Given that the Court has repeatedly instructed Defendant DJJ on its obligation to provide the metadata, I cannot find that Defendant DJJ's failure to do so was justified or reasonable. Plaintiff has demonstrated that he is entitled to sanctions.

Unfortunately, I cannot determine from the record (1) how many e-mails were improperly produced without metadata, or (2) the importance of these e-mails, such that I can fashion an appropriate sanction. Accordingly, I direct the parties to confer on or before October 8, 2025, as to an appropriate sanction and, if no agreement is reached, to submit briefs about each's proposed sanction on or before October 15, 2025.[1]

## IV. Conclusion

For the reasons stated, I ORDER:

1. Plaintiff's motion for sanctions (Doc. 117) is GRANTED in part,

2. I find that Defendant DJJ has failed to comply with the Court's prior order (Doc. 91) directing it to provide metadata to Plaintiff.

3. Defendant DJJ shall produce to Plaintiff all documents responsive to request 22, with all available metadata, on or before October 15, 2025.

4. The parties shall confer on or before October 8, 2025, as to an appropriate sanction for Defendant DJJ's non-compliance and shall submit a notice to the Court memorializing whether an agreement was reached and, if so, the agreement. If no agreement

[1] I caution Plaintiff that, while I find Defendant DJJ's conduct to be sanctionable, I do not find the circumstances here warrant severe sanctions such as dismissal of claims.

is reached, the parties shall submit briefs as to each party's proposed sanction on or before October 15, 2025.

5. The motion (Doc. 117) is otherwise DENIED.

DONE on October 1, 2025.

Natalie Hirt Adams
NATALIE HIRT ADAMS
United States Magistrate Judge